# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:12-cr-0463-JCM-VCF |
| vs. | **ORDER** |
| JACQUELINE LOUISA GENTLE, | (Mot Reconsider Det Ord - Dkt. #123) |
| Defendant. | |

Before the court is Defendant's Motion to Reconsider Detention Order Pending Trial (Dkt. #123). The court has considered the Motion, the government's Opposition (Dkt. #129), and Defendant's Reply (Dkt. #133).

The Defendant was initially charged in an indictment returned December 11, 2012. She made an initial appearance December 14, 2012, before the Honorable George W. Foley and was released on a personal recognizance bond. A Superseding Indictment (Dkt. #47) was returned April 16, 2013, charging her with theft of government money, one count of false statements in an application for a passport, one count of false citizenship claim, and one count of conspiracy to commit mail fraud. At the time the superseding indictment was returned, she was in state custody and a writ of habeas corpus ad prosequendum issued to compel her appearance at an arraignment and plea on April 25, 2013. At the initial appearance before the undersigned, defense counsel moved to revoke her personal recognizance release and remand her to federal custody because she was in the custody of the Immigration and Customs Enforcement. The court granted the Defendant's request and revoked her bail. *See* Minutes of Proceedings (Dkt. #64).

In the current motion, she seeks a release on a personal recognizance bond. Although she still remains in ICE custody, she believes she would be able to obtain the necessary funds to be released on

bond from immigration court. Defendant represents that she has resided in Las Vegas for the last seven years and has completely established her life here with her husband and children such that she is not a flight risk.

The government opposes the motion claiming the Defendant is a serious risk of flight because she initially told Pretrial Services she was born in Belize City, Belize and immigrated to the United States in 2005. However, in an application to the Nevada Department of Motor Vehicles, she claims she was born in St. Croix, United States Virgin Islands. The government claims that in June 2006 she applied for a United States passport falsely claiming that her name was Jacqueline Louisa Gentle, that she was born in Belize City, Belize, and that her father was a United States citizen. Additionally, in February 2010, she applied for another United States Passport claiming that her original passport had been lost, again falsely claiming her name was Jacqueline Louisa Gentle, that she was born in Belize City, Belize, and that her father was a United States citizen. While in immigration custody, she reportedly acted erratically and had multiple disciplinary incidents which resulted in her being placed in a segregation unit and on suicide watch. The government argues that she has every incentive to leave and should be detained.

The government also claims that she married her current husband the morning she surrendered on these charges "in an obvious attempt to avoid detention and eventual deportation to Belize." The defendant is currently facing prosecution for her involvement in a fraudulent unemployment compensation benefit scheme. Wage reports submitted to the State of Nevada contradict her claims about where she has worked, and Defendant does not state the source of funds available to post the bond to be released from ICE custody. If the court is inclined to consider release, the government requests a *Nebbia* hearing to explore the source of funds to be used to post bail.

The Defendant replies that on January 29, 2012, an immigration judge set an immigration bond at $30,000. However, she did not have the funds to post the bond and was forced to remain in ICE custody. She experienced numerous incidents while in custody of the Henderson Detention Center which "rose to the level of cruel and unusual punishment" which caused counsel to request that her bail be revoked so that she could be remanded into federal custody. The hard work of her family has now saved the necessary funds to post the $30,000 immigration bond. She surrendered to law enforcement

the day after detectives came to her residence to serve an arrest warrant. She has no reason to abscond and doing so would forfeit the $30,000 bond her family is willing to post on her behalf. She is charged with non-violent offenses and her release would better assist defense counsel with necessary preparation for trial and provide her necessary familial support.

Consideration of this motion was delayed because it was not referred to the undersigned until November 27, 2013. The delay was caused by confusion as to whom this motion should be assigned as Judge Ferenbach is the assigned magistrate judge, and Judge Foley made the initial decision to release the Defendant on a personal recognizance bond. Ultimately, the matter was referred to the undersigned because I was the judge who granted the Defendant's request to revoke her PR Bond and remand her to federal custody.

At the time the motion was filed, trial was set for December 3, 2013. A Second Superseding Indictment has now been returned, and the trial date has been continued for the sixth time for various reasons unrelated to this Defendant. The trial date is currently set for February 5, 2014.

Judge Foley initially heard the arguments of both sides at the detention hearing and decided to release the Defendant on a personal recognizance bond on multiple conditions. She was released on a personal recognizance on conditions in this federal case but remained in custody until her lawyer moved to revoke her bond because she had been unable to post the immigration bond which kept her in custody. The government had the opportunity to advance all its arguments in favor of detention at the initial appearance. Judge Foley heard the arguments of counsel and ruled that Plaintiff should be released on a personal recognizance bond on conditions. Respect for his decision and order should prevail, as the government's opposition to the motion does not establish any changed circumstances that would revisit his determination.

Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion to Reconsider Detention Order Pending Trial (Dkt. #123) is **GRANTED**.

2. Defendant is released on a personal recognizance bond with the following conditions:
    a. Pretrial Services supervision.

      b.      Maintain or actively seek lawful employment, if able to do so under applicable immigration laws, and notify Pretrial Services prior to any change.

      c.      Surrender any passport or any other travel documents to Pretrial Services.  If a passport is lost, Defendant shall file a notarized affidavit through counsel and declare it lost through the State Department.

      d.      Obtain no passport or other travel documents while this case is pending.

      e.      Travel is restricted to Clark County, Nevada.

      f.      Maintain residence at 3702 Royal Fern Circle, Las Vegas, Nevada, and not move prior to the advanced approval of Pretrial Services.

      g.      The Defendant shall be monitored by radio frequency monitoring and abide by all technology requirements.  The Defendant shall pay all or part of the costs of participation in the location monitoring to the extent of her ability to pay.  The Defendant is restricted to her residence with a curfew component as directed by her supervising Pretrial Services officer.

      h.      The Defendant shall also submit to a mental health assessment, and if treatment is deemed necessary shall pay the costs associated with those services to the extent of her ability to pay.

Dated this 4th day of December, 2013.

_____
Peggy A. Leen
United States Magistrate Judge