UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>FREDERICK VERNON WILLIAMS,<br><br>Defendant(s). | Case No. 2:12-CR-463 JCM (VCF)<br><br>ORDER |

Presently before the court is the matter of *The United States of America v. Williams, et al.*, case no. 2:12-cr-00463-JCM-VCF. This order addresses the following four motions *in limine* filed by defendant Jacqueline Gentle: motion *in limine* to exclude government's custodian of record witnesses (doc. # 519); motion *in limine* to exclude defendant's personnel file and payroll records from Caesars Entertainment (doc. # 520); motion *in limine* to exclude evidence solely related to absent co-defendant Deon Gentle (doc. # 521); motion *in limine* to preclude the government's lay witnesses from testifying as experts (doc. # 524). The government filed a response to the four motions. (Doc. # 540).[1]

Defendant Jacqueline Gentle was charged in the third superseding indictment with theft of government money, false statement in an application for a passport, false citizenship claim, conspiracy to commit mail fraud, mail fraud, aggravated identity theft, misuse of a United States passport, and misuse of a social security number, in violation of 18 U.S.C. §§ 1341, 1542, 911, 1349, 1028A(a)(1), 1544, 408(a)(7)(A). (Doc. #240).

---

[1] Both parties recognize the untimeliness of the motions *in limine*. However, the court will address the motions to eliminate unjustifiable expense and delay.

**James C. Mahan**
**U.S. District Judge**

I.      Legal Standard

"The court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

"[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States,* 529 U.S. 753, 758 n.3 (2000); *accord Luce,* 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004).

II.     Discussion

The court will address defendant's four motions in turn.

A.      Motion to exclude the government's custodian of record witnesses.

Defendant first requests that the court exclude or minimize the government's custodian of record witnesses. Defendant argues that these witnesses will create unjustifiable expense and

1. delay. Defendant further argues that a number of the exhibits are self-authenticating pursuant to
2. Federal Rule of Evidence ("Rule") 902 and therefore the custodian of record witnesses are
3. unnecessary. In addition, defendant asserts she is willing to stipulate to admission of a number of
4. documents to eliminate unnecessary, cumulative witnesses.
5.     The government argues that it has sought stipulations from the defendant for the admission
6. of various business and official government exhibits, to no avail. However, the government
7. contends it remains open to any proposed stipulations that would lead to a shorter witness list.
8. (Doc. #540 at 2). The government further states it has no objection to a hearing pursuant to Fed.
9. R. Crim. P. 17(c)(1) to determine the authenticity of records sought to be offered into evidence at
10. trial. (*Id.*).
11.     Rule 901 provides that to satisfy the requirement of authenticating or identifying an exhibit,
12. the proponent must produce evidence sufficient to support a finding that the item is what the
13. proponent claims it is. Fed. R. Evid. 901(a). All exhibits that meet the requirements of Rule 902
14. do not require extrinsic evidence of authenticity. It is also permissible for parties to stipulate to the
15. authenticity of a document and thereby forgo proof of the matter under Rule 901(a).
16.     Each exhibit admitted at trial must be authenticated under the applicable rules of evidence.
17. *See* FED. R. EVID. 901 and 902. The court encourages the parties to meet and confer to determine
18. which, if any, exhibits the parties will stipulate to. Absent party stipulation or a rule allowing
19. admissibility, custodian of record witnesses are necessary to establish an exhibit's authenticity. If
20. the parties cannot resolve this dispute without the court's intervention, defendant may object to
21. cumulative evidence at trial. Accordingly, defendant's first motion will be denied.
22.     **B.**    **Motion to exclude defendant's personnel file and payroll records from Caesars**
23.         **Entertainment.**
24.     Defendant next requests the exclusion of documents "which purport to be documents
25. provided by Caesars Entertainment comprising the personnel file and payroll records" of
26. defendant. (Doc. # 520 at 3). Defendant argues that these records are not relevant, confusing,
27. cumulative and unnecessary. Defendant argues further that the records are not sworn statements
28. and may not have been completed by Ms. Gentle.

James C. Mahan
U.S. District Judge

1    The government argues that the Caesars Entertainment job application is admissible because the statements therein are evidence of the misrepresentations defendant allegedly used to receive unemployment compensation benefits.[2] The government further argues the documents are also admissible under the party admission exception of the hearsay rules. FED. R. EVID. 801(d)(2)(A).

Evidence is relevant if it makes a fact of consequence more or less probable. FED. R. EVID. 401. If the evidence is relevant, the court may exclude the evidence if its probative value is substantially outweighed by a danger of prejudice to a party. FED. R. EVID. 403. If a document is signed, the contents are adopted as the party's own, because signing is a manifestation of adopting the statement. *United States v. Felix-Jerez*, 667 F.2d 1297, 1299 (9th Cir. 1982); *see also* FED. R. EVID. 801(d)(2)(B).

The charges against defendant include participation in a fraudulent unemployment compensation scheme. Defendant's job application to Caesars Entertainment is relevant because the consistency, or lack thereof, between those records and her unemployment application tend to make fraud more or less probable. If defendant completed her employment application herself, signed it, or both, the application is admissible. *See Transbay Auto Service, Inc., v. Chevron USA Inc.*, No. 13-15439, 2015 U.S. App. LEXIS 20726, *11 (9th Cir. Cal. Nov. 30, 2015); *Felix-Jerez*, 667 F.2d at 1299; *see also* FED. R. EVID. 801(d)(2)(A) and (B).

Accordingly, defendant's second motion will be denied. Defendant may object to the relevance or authenticity of any particular document at trial.

**C.    Motion to exclude evidence solely related to absent co-defendant Deon Gentle.**

Defendant seeks to exclude a certified file for co-defendant Deon Gentle arguing that the documents are not relevant and that their prejudicial effect to the defendant substantially outweighs their probative value and should be excluded pursuant to Rule 403.

Defendant and co-defendant submitted several allegedly false passport applications and citizenship applications claiming Anthony Todd Gentle, a deceased U.S. citizen, was their father.

---

[2] The government's response to the motion only addresses a job application, which this court finds admissible. However, defendant may make objections at trial to other documents contained in "defendant's personnel file and payroll records."

James C. Mahan
U.S. District Judge

- 4 -

The government argues that co-defendant Deon Gentle's passport application and citizenship application are relevant to this case to demonstrate the defendant's knowledge of the false citizenship scheme used by herself and her brother. (Doc. #540). The government argues this evidence is admissible under Rule 404(b) to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Defendant is not prejudiced by the admission of co-defendant's documents. Defendant's own conduct with the co-defendant put her in this position. If defendant is in fact not guilty, she should be able to prove at trial that she was neither defrauding the government nor taking part in a scheme to gain unlawful citizenship with co-defendant. If such evidence happens to implicate her for the crime for which she is charged, this is not evidence of prejudice. It is simply evidence of unlawful conduct. The evidence is admissible to prove knowledge and intent and the probative value outweighs any prejudice to the defendant. Accordingly, defendant's third motion will be denied.

### D.     Motion to preclude the government's lay witnesses from testifying as experts.

The defendant moves to preclude testimony from the government's investigators as improper lay witness testimony. The defendant argues that the government's investigators' testimony about "fictitious business schemes" would not be based upon the "perception of the witness," but instead on "specialized knowledge," thus qualifying as expert testimony pursuant to Rule 702. Defendant further argues the government cannot produce an expert witness in this matter because it did not give timely Rule 16(a)(1)(E) notice.

The government asserts that it does not anticipate any opinion testimony from any experts with scientific, technical, or otherwise specialized knowledge in this case. The government further argues that testimony from criminal investigators that uncovered the fraud scheme in this case will fall under Rules 602, 701, and 803(6), and not under the specialized knowledge component of Rule 702.

A witness may testify to a matter provided that the witness establishes personal knowledge of the matter. FED. R. EVID. 602. Federal Rule of Evidence 701 allows a lay witness to give opinion testimony provided it is "(a) rationally based on the perception of the witness, (b) helpful to a clear

James C. Mahan
U.S. District Judge

1  understanding of the witness's testimony or the determination of a fact in issue, and (c) not based
2  on scientific, technical, or other specialized knowledge within the scope of Rule 702." Therefore,
3  "opinion testimony of lay witnesses must be 'predicated upon concrete facts within their own
4  observations and recollection–that is: facts perceived from their own senses, as distinguished from
5  their opinions and conclusions from such facts.'" *United States v. Durham*, 464 F.3d 976, 982 (9th
6  Cir. 2006) (quoting *United States v. Skeet*, 665 F.2d 983, 985 (9th Cir. 1982).

Rule 702 allows testimony from a witness who is qualified as an expert to testify if the expert's specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue. FED. R. EVID. 702(a). The Ninth Circuit has held that "experts may testify that a defendant's activities were consistent with a common criminal modus operandi." *United States v. Webb*, 115 F.3d 711, 713-14 (9th Cir. 1997). In *United States v. Figueroa-Lopez*, agents testified that certain behaviors were consistent with an *experienced* drug trafficker including: 1) countersurveillance driving; 2) use of code words to refer to drug quantities and prices; 3) use of a third-person lookout when attending a narcotics meeting; 4) use of a rental car to make the drug delivery; 5) hiding the cocaine in the door panels of a car; and 6) dealing in large amounts of very pure cocaine. The court held this testimony was improper lay witness testimony because such "observations" required demonstrable expertise. *United States v. Figueroa-Lopez,* 125 F.3d 1241, 1246 (9th Cir. 1997).

The court agrees that general testimony regarding the composition of fictitious business schemes and how they operate requires specialized knowledge. However, the court is not willing to make a broad ruling excluding testimony that may or may not be presented at trial without the presentation of certain objectionable questions. The government may elicit testimony from the investigators that complies with Rules 602 and 701. If any of the testimony falls within the purview of Rule 702, defendant can make the proper objections at trial. Accordingly, defendant's fourth motion will be denied.

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 6 -

**III.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the defendant Jacqueline Gentle's motion to exclude the government's custodian of record witnesses (doc. #519) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the defendant's motion to exclude defendant Jacqueline Gentle's personnel file and payroll records from Caesars Entertainment (doc. # 520) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the defendant Jacqueline Gentle's motion to exclude evidence solely related to absent co-defendant Deon Gentle (doc. # 521) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the defendant Jacqueline Gentle's motion to preclude the government's lay witnesses from testifying as experts (doc. # 524) be, and the same hereby is, DENIED.

DATED December 4, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**